IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEO STOLLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 2028 |
| | ) | |
| BANK OF NEW YORK MELLON TRUST CO., | ) | |
| ROBERT P. KELLEY, GERALD L. HASSELL, | ) | |
| THOMAS P. GIBBONS, CARL KRASIK, | ) | |
| BANK OF AMERICA, WALTER E. MASSEY, | ) | |
| JOE L. PRICE, BRIAN T. MOYNIHAN, | ) | |
| BRYAN CAVE LLP, STEVEN R. SMITH, | ) | |
| MICHAEL WERICH, JOHN DOES 1-10, | ) | |
| COUNTRYWIDE FINANCIAL, | ) | |
| RECONSTRUCT [sic] COMPANY, N.A. | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On March 2, 2010, *pro se* plaintiff Leo Stoller ("Stoller") filed a seven-count Complaint in the Circuit Court of Cook County, Illinois, Case No. 2010 L 002687. (Dkt. No. 3-1 ("Complaint").) Defendants Bank of America Corporation, Bank of New York Mellon Trust Co., Bryan Cave LLP, Countrywide Financial Corporation, and ReconTrust Company, N.A. (the "Removing Defendants") thereafter filed a Notice of Removal with this court on April 1, 2010. (Dkt. No. 3.)

Prior to these events, the U.S. Court of Appeals for the Seventh Circuit on December 4, 2009, ordered "the clerks of all federal courts in this circuit . . . to return unfiled any papers submitted either directly or indirectly by [Stoller] or on [Stoller's] behalf." (Case No. 08-4240, Dkt. No. 35 at 2 (7th Cir. Dec. 4, 2009) (the "Order").) The Seventh Circuit's December 4, 2009

1

Order is to remain in effect for at least two years, at which point Stoller is authorized to seek modification or rescission of the Order. (*Id.*) In practice, this means that Stoller cannot prosecute claims in any federal court in the Seventh Circuit. Accordingly, for the reasons set forth below, the court dismisses Stoller's federal claims under the Truth In Lending Act, 15 U.S.C. §§ 1601, *et seq*. and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq*., and remands Stoller's remaining state law causes of action. The Removing Defendants' "Motion to Dismiss Plaintiff's Complaint" (Dkt. No. 5) is denied as moot.

## BACKGROUND

In relevant part, Stoller's Complaint describes his interest in several Arizona properties, at least one of which has been the subject of a foreclosure sale. (Dkt. No. 3-1 ¶¶ 22-24, 36-51.) Stoller filed his Complaint against defendants Bank of New York Mellon Trust Co., Robert P. Kelley, Gerald L. Hassell, Thomas P. Gibbons, Carl Krasik, Bank of America, Walter E. Massey, Joe L. Price, Brian T. Moynihan, Bryan Cave LLP, Steven R. Smith, Michael Werich, John Does 1-10, Countrywide Financial, and Reconstruct [sic] Company, N.A. (collectively "Defendants"), alleging that the Defendants have admitted to their participation in "the current mortgage crisis" and that "now these same defendants in a continuation of their on going [sic] scheme to defraud property owners have failed and/or refused to notify the Plaintiff that a property which was the subject of pending litigation as between the parties was being unlawfully foreclosed/auctioned off to 'another' bank." (*Id.* ¶ 51(f).) Stoller's Complaint includes claims against all Defendants for "failure to comply with applicable [federal and state] law" (Count One), deceptive trade practices (Count Two), "racketeering - civil RICO" (Count Three), conspiracy (Count Five), fraud (Count Six), and intentional infliction of emotional distress (Count Seven), as well as claims against defendants Bryan Cave, LLP, Steven R. Smith, and

2

Michael Werich for "aiding and abetting a client in the commission of a tort" (Count Four).

As noted above, the Removing Defendants removed Stoller's Complaint to the Northern District of Illinois by filing a Notice of Removal with this court on April 1, 2010. The Removing Defendants contend that this court has jurisdiction over Stoller's Complaint under 28 U.S.C. §§ 1331 and 1367, because Stoller has alleged violations of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.* and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, and because these claims share a common core of operative facts with Stoller's state law claims. (Dkt. No. 3 ¶¶ 5-6.) The Removing Defendants have also filed a "Motion to Dismiss Plaintiff's Complaint." (Dkt. No. 5.)

On April 15, 2010, the Removing Defendants appeared before this court to present their motion to dismiss. Stoller likewise appeared before the court on April 15, 2010, and tendered to the court his "Objection to Notice of Removal and Response to [the Removing Defendants'] Motion to Dismiss Plaintiff's Complaint," along with accompanying exhibits. The Removing Defendants filed a response to Stoller's objections on April 29, 2010 (Dkt. No. 9) and, on April 22, 2010, the court received a hard copy of Stoller's reply submitted to chambers staff.

## ANALYSIS

As described above, the U.S. Court of Appeals for the Seventh Circuit has ordered "[t]he clerks of all federal courts in this circuit . . . to return unfiled any papers submitted either directly or indirectly by [Stoller] or on [Stoller's] behalf." (Dec. 4, 2009 Order at 2.) This type of order is commonly referred to as a "*Mack* bar," in reference to *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Stoller is authorized to seek modification or rescission of the Seventh Circuit's Order no earlier than December 4, 2011. (Dec. 4, 2009 Order at 2.)

The Removing Defendants suggest that the Seventh Circuit's Order should be interpreted

to mean only that Stoller cannot initiate federal court proceedings.  (Dkt. No. 9 ¶ 3.)  This court disagrees.  First, the Removing Defendants' reading does not comply with the actual language used by the Seventh Circuit in its December 4, 2009 Order, which states unequivocally that "any papers" submitted by Stoller are to be "return[ed] unfiled."  (Dec. 4, 2009 Order at 2.)  Moreover, the Seventh Circuit has previously rejected the interpretation of *Mack* bars proffered by the Removing Defendants.  In *In re City of Chicago*, the Executive Committee of the Northern District of Illinois permitted a litigant who was subject to a *Mack* bar to continue conducting litigation that was already on file at the time the Seventh Circuit issued its order.  *In re City of Chicago*, 500 F.3d 582, 584 (7th Cir. 2007).  After the Seventh Circuit emphasized that its order applied "to *all* cases now pending or that [the litigant] seeks to file in the future," the Executive Committee indicated that it planned to issue a stay on the cases pending in the district court until the *Mack* bar was lifted.  *Id.* at 584-85 (emphasis added).  The Seventh Circuit rejected the Executive Committee's approach and stated that the pending lawsuits "must be dismissed for want of prosecution" as long as the *Mack* bar remained in effect.  *Id.* at 585.

Because the removal in this case was proper on the basis of federal question jurisdiction, Stoller's federal and state claims are currently pending before this court—despite the fact that Stoller has been barred from initiating any new lawsuits in the Northern District of Illinois.  However, in light of the precedent set forth in *In re City of Chicago*, it is also clear that this court cannot permit Stoller to litigate his claims in this court.  One solution would be to remand all of Stoller's claims to the state court.  *See Support Sys. Int'l*, 45 F.3d at 187 ("most federal claims can be litigated in state court").  However, a blanket remand order of this type would ignore the Removing Defendants' right "to have federal claims litigated in federal court."  (Dkt. No. 9 at ¶ 1, 3; *see also* 28 U.S.C. § 1441(b).)

The court finds that dismissal of Stoller's federal claims is an appropriate solution to this impasse. When Stoller attempted to deceive the Seventh Circuit by falsely claiming to be indigent (Dec. 4, 2009 Order at 2), he abused the federal litigation process and forfeited his right to access this process for purposes of litigating any meritorious federal claims he may have. It is clear that this forfeiture already includes all federal claims initiated by Stoller in federal court. In the interest of justice, this court finds that the Seventh Circuit's December 4, 2009 Order also encompasses federal claims removed to this court by state court defendants.

Finally, the court notes that a judicial resolution of Stoller's pending federal claims is not necessary "to protect him from imprisonment or other confinement." *Support Sys. Int'l*, 45 F.3d at 186.

## CONCLUSION

For the reasons set forth above, the court dismisses Stoller's federal claims under the Truth In Lending Act, 15 U.S.C. §§ 1601, *et seq*. and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq*., and remands Stoller's remaining state law causes of action. The Removing Defendants' "Motion to Dismiss Plaintiff's Complaint" (Dkt. No. 5) is denied as moot.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: April 26, 2010